### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SEIFULLAH AZGHANDI, | : | Case No. 3:20-cv-377 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| KENNETH HOPKINSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is presently before the Court on the Motion of Defendant to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(1) and Fed. R. Civ. P. 12(B)(6) (Doc. # 7) ("Motion to Dismiss").

On August 5, 2020, Plaintiff, Seifullah Azghandi, filed a pro se complaint alleging various instances of national-origin based discrimination and retaliation by his academic advisor, Defendant Kenneth Hopkinson, while he was enrolled as a PhD candidate at the Air Force Institute of Technology ("AFIT") located at Wright-Patterson Air Force Base ("WPAFB") in Dayton, Ohio. (Doc. #2, *PageID* #s 129-133). Plaintiff alleges that this discrimination eventually culminated in Defendant "delay[ing] [his] graduation under influence of [a] number of xenophobic individuals[,]" for which he requests 3.2 million dollars in damages. *Id.* at 129-130. Plaintiff asserts that he presented his case against the Defendant to Air Force's Equal Employment

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Opportunity ("EEO") office at WPAFB but that his claims were found to be "'unsubstantiated' without cross-examinations and/or justification." *Id*. at 130.

In response, Defendant has filed a motion to dismiss, arguing that Plaintiff's Complaint should be dismissed because (1) he failed to exhaust his administrative remedies prior to bringing Title VII claims; (2) sovereign immunity bars Plaintiff from bringing Title VII claims against the government because he is not a federal employee; (3) the Complaint fails to state a claim a plausible claim for discrimination or retaliation; and (4) Plaintiff failed to name the proper defendant as required by statute. (Doc. # 7, *PageID* #s 281-296).[2]

With regard to Defendant's fourth argument, the Court notes that Title VII requires that "the head of the department, agency, or unit, as appropriate, *shall* be the defendant" in suits brought under it. 42 U.S.C. § 2000e–16(c)(emphasis added). The Sixth Circuit has strictly interpreted this statutory requirement, stating that it "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII,' " and that failure to follow the statute's requirements will result in dismissal. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir.1988)).

Thus, under the terms of § 2000e–16(c) and Sixth Circuit precedent, Plaintiff was required to file suit against the head of the United States department or agency for which he alleges to have

---

[2] Defendant also argues that Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a) as it only generally refers to claims of discrimination and retaliation without putting Defendant on fair notice of the specific claims he is pursing. (Doc. #7, *PageId* #282). Nonetheless, Defendant reasonably concluded from the facts set forth in the Complaint that Plaintiff was intending to set forth claims of Title VII discrimination on the basis of national origin. *Id*. To the extent that Plaintiff was attempting to bring claims other than Title VII claims, he failed to note his objection in his response memorandum, (Doc. # 9), thereby waiving his right to raise additional claims now. *See Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 331 (6th Cir. 2008) (stating that "where, as here, plaintiff has not raised arguments in the [D]istrict [C]ourt by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived") (citing *Resnick v. Patton*, 258 Fed.Appx. 789, 793 n.1 (6th Cir. 2007) (concluding that arguments are waived in the absence of opposition to a motion to dismiss in the district court) (further citations omitted)).

worked, which here is the United States Air Force.  Thus, the proper defendant in this case is the Secretary of the United States Air Force. *See Klein v. United States*, No. 3:15-CV-134, 2015 WL 6736114, at *8 (S.D. Ohio Nov. 4, 2015) (Rose, D.J.) ("Under Title VII and the Rehabilitation Act, the only proper defendant is the Secretary of the Air Force.").  In this case, however, Plaintiff only named his academic advisor, Kenneth Hopkinson.  As Mr. Hopkinson is not the Secretary of the Air Force, he is not the proper defendant; the Court must, therefore, dismiss his suit. *See Hancock*, 848 F.2d at 88 ("The proper defendant was not named in this action. Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.").

Accordingly, Plaintiff has not named the proper defendant to this action, the Court should grant Defendants' Motion (Doc. # 7) and dismiss Plaintiff's Complaint. *See* Mulhall, 287 F.3d at 550.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's Motion to Dismiss (Doc. #7) be GRANTED; and

2.      The case be terminated on the Court's docket.


August 2, 2021                              *s/Peter B. Silvain, Jr.*
                                            Peter B. Silvain, Jr.
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).